**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: ) | | Chapter 11 |
| ) | | Case No. 19-10789-MSH |
| IRIS RAMOS ) | | |
| ) | | |
| Debtor ) | | |
| ) | | |
| ) | | |
| IRIS RAMOS ) | | |
| ) | | |
| Plaintiff ) | | Adversary Proceeding |
| ) | | No. 19-01088-MSH |
| v. ) | | |
| ) | | |
| DWAYNE A. WHITE, and ) | | |
| CFS REALTY & MANAGEMENT LLC[1] ) | | |
| Defendants ) | | |
| ) | | |

**MEMORANDUM OF DECISION ON
DEFENDANT CFS REALTY & MANAGEMENT LLC'S
MOTION TO VACATE DEFAULT & DEFAULT JUDGMENT**

Before me is the motion (ECF No. 38) of the defendant CFS Realty & Management LLC to vacate the default and default judgment entered against it (ECF Nos. 8, 16) in favor of the plaintiff, Iris Ramos, who is the debtor in the main case.[2]

Ms. Ramos commenced this adversary proceeding on July 27, 2019. On August 19, 2019, She filed a certificate of service, certifying through counsel and counsel's service agent, that copies of the summons and complaint in this matter had been served upon CFS Realty via first

---

[1] This defendant is identified in the complaint's caption as "CFS Realty and Management LLC," and thus is similarly identified here. Other filings have identified the relevant entity as a corporation, and it appears to be undisputed that the relevant entity is a corporation rather than a limited liability company.

[2] A judgment has separately been entered against defendant Dwayne A. White (ECF Nos. 28, 35). This memorandum and separate order do not affect that judgment.

1

class mail at multiple addresses (ECF No. 4). On October 30, 2019, with CFS Realty having failed to plead or otherwise defend itself, the clerk of court entered that party's default, notice of which was mailed to CFS Realty (ECF Nos. 8, 10). On November 19, 2019, Ms. Ramos filed a motion for default judgment against CFS Realty (ECF No. 12). On November 20, 2019, the Court's notice of default as to CFS Realty was returned as undeliverable (ECF No. 13). In apparent response, Ms. Ramos filed a notice that provided an updated address for CFS Realty (ECF No. 14). The docket does not reflect, however, that the notice of default was re-mailed to CFS Realty at the updated address.

On April 14, 2020, the Court allowed Ms. Ramos's motion for default judgment and ordered her to file a motion for assessment of damages (ECF No. 16).[3] On April 24, 2020, a non-attorney acting on behalf of CFS Realty filed a motion to vacate the default judgment (ECF No. 20).[4] The motion was denied the same day, noting that non-individuals such as CFS Realty are not permitted to appear pro se (ECF No. 21).

On May 4, 2020, Ms. Ramos filed a motion for assessment of damages (ECF No. 23). At a June 30, 2020 telephonic hearing on the motion, the principal of CFS Realty, Richard Phipps, appeared. He stated that he was having trouble obtaining counsel for CFS Realty. I granted him until July 30, 2020, to do so, and continued the hearing to a later date (ECF No. 27).

On July 27, 2020, this time through counsel, CFS Realty filed a motion seeking to vacate the default judgment, as well as the default entered against it (ECF No. 38), citing Rule 7055 of

---

[3] The Court's April 14, 2020 Order was the first item mailed by the Court to CFS Realty at the updated address provided by Ms. Ramos (ECF No. 18).

[4] The individual who filed the motion to vacate the default judgment, which is written in first person, did not provide his or her name, signed the document illegibly, and did not identify himself or herself as an attorney. Given these facts and the fact that no notice of appearance had been filed, the Court assumed that the filer was a non-attorney.

the Federal Rules of Bankruptcy Procedure, which incorporates Rule 55 of the Federal Rules of Civil Procedure.[5] Rule 55(c) permits the court to "set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)" of the Federal Rules of Civil Procedure. Rule 60(b) provides six limited circumstances in which a party may seek relief from a judgment or order. *See* Fed. R. Civ. P. 60(b); *Farm Credit Bank of Baltimore v. Ferrera-Goitia*, 316 F.3d 62, 66 (1st Cir. 2003) (noting that "Rule 60(b) . . . seeks to balance the importance of finality against the desirability of resolving disputes on the merits" and that courts are afforded "considerable discretion in resolving [Rule 60(b) motions]").

CFS Realty asserts that it was never served with the summons and complaint, as required, at the address of its principal place of business—1539 Blue Hill Avenue in Mattapan, Massachusetts.[6] CFS Realty thus contends that insufficient service of process provides multiple grounds for vacating the default judgment under Rule 60(b) and that the insufficient service likewise provides good cause for vacating the default under Rule 55(c). More specifically as to vacating the default judgment, CFS Realty indicates that three Rule 60(b) circumstances apply here: an opposing party's misrepresentation under Rule 60(b)(3), a void judgment under Rule

---

[5] CFS Realty also seeks leave to file a late answer to the complaint, and it filed a proposed answer (ECF No. 39) contemporaneously with its motion to vacate the default and default judgment. CFS Realty also contemporaneously filed a motion to dismiss the complaint against it (ECF No. 40).

[6] Although CFS Realty did not attach evidence of the address of its principal place of business, the address is not reasonably in question, as evidenced by Ms. Ramos's notice updating the address and as evidenced by CFS Realty's filings in the Massachusetts Corporate Database of which I take judicial notice. *See* Fed. R. Evid. 201 (permitting, "at any stage of the proceeding," sua sponte judicial notice of facts "not subject to reasonable dispute because" they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 519 (5th Cir. 2015) (taking judicial notice of public records accessible through Mississippi Secretary of State's and Virginia State Corporation Commission's websites); *U.S. ex rel Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) (acknowledging permissibility of taking judicial notice of "public records and government documents available from reliable sources on the Internet").

60(b)(4), and the catchall "any other reason that justifies relief" under Rule 60(b)(6). In support of "misrepresentation" under Rule 60(b)(3), CFS Realty indicates that Ms. Ramos's August 19, 2019 certificate of service, which does not list the 1539 Blue Hill Avenue address, misrepresented to the court that service upon CFS Realty had been proper at another address listed therein. Referencing Rule 60(b)(4), CFS Realty contends that "any default or default judgment rendered [based upon improper service, is], as a matter of Due Process of Law, void and unenforceable." As to Rule 60(b)(6), CFS Realty appears to suggest that insufficient service of process fits within this all-encompassing circumstance if not within the other two cited.

Sufficient service of process in this matter required that Ms. Ramos serve the summons and complaint upon CFS Realty in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure. Based upon her August 19, 2019 certificate of service, Ms. Ramos appears to have attempted service under Rule 7004(b)(3) via first class mail at three addresses.[7] I will discuss each one in turn.

The first address listed is that of Richard C. Phipps at 11 Mattakeeset Street, Hyde Park, MA 02136. The address contained no reference to CFS Realty or to Mr. Phipps's role as, for example, an officer or agent of CFS Realty. To the extent that service was being attempted in accordance with Rule 7004(b)(3), it was insufficient because it was not addressed "*to the attention of* an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." *See* Fed. R. Bankr. P. 7004(b)(3) (emphasis added).

---

[7] In addition to the methods set forth therein, Rule 7004 incorporates portions of Rule 4 of the Federal Rules of Civil Procedure, providing that service in accordance with the relevant incorporated portions would also be proper. There is no indication that Ms. Ramos sought to complete service under an acceptable Rule 4 method or any other permissible method under Rule 7004, and Ms. Ramos has not argued that service was proper under any method.

The second address listed is that of Anthony Morgan, CFS Realty and Management Inc., 1509 Blue Hill Avenue Ste 9 & 10, Mattapan, MA 02126. Anthony Morgan is the registered agent of CFS Realty, but the address incorrectly states the street number for CFS Realty's address, which should be "1539," as reflected on Ms. Ramos's later filed notice.[8] Therefore, service at this address was insufficient as well.

The third address listed is that of CFS Realty and Management Inc., 150 Belgrade Avenue, Roslindale, MA 02131. A review of CFS Realty's filings in the Massachusetts Corporate Database shows that the use of this address for the corporation's principal office ended sometime between September 2016 and June 2019, when CFS Realty began identifying its principal office as being at the 1539 Blue Hill Avenue address. Thus, service in August 2019 at the 150 Belgrade Avenue address was insufficient for having been directed to an address that was no longer in use, as well as for not having been sent to the attention of an officer or agent. *See In re Dreier LLP*, Ch. 11 Case No. 08-15051, Adv. No. 10-5456, 2011 WL 3047692, at *2 (Bankr. S.D.N.Y. July 22, 2011) (concluding that service at corporation's last known address rather than its actual address was insufficient); Fed. R. Bankr. P. 7004(b)(3).

Based on the foregoing, I find that service of process was insufficient. Thus, I will proceed to consider the impact of that conclusion on the default judgment and default.

In response to CFS Realty's motion, Ms. Ramos contends that CFS Realty has waived the defense of insufficient service of process because the defense was not squarely raised in the

---

[8] Although 1509 Blue Hill Avenue was the address for a prior registered agent of CFS Realty, a September 26, 2016 Statement of Resignation of Registered Agent, filed in the Massachusetts Corporate Database, announced the discontinued use of that office address, effective the next day. A June 25, 2019 Statement of Appointment of Registered Agent announced Anthony Morgan as the registered agent at the 1539 Blue Hill Avenue address. This adversary proceeding was commenced thereafter on July 27, 2019.

non-attorney's earlier motion to vacate the default judgment. A party waives the defense of insufficient service of process if the party fails to assert the defense in the first motion or responsive pleading filed. Fed. R. Civ. P. 12(h)(1); Fed. R. Bankr. P. 7012(b) (incorporating Fed. R. Civ. P. 12(h)). Ms. Ramos overlooks the fact, however, that a non-attorney may not represent a non-individual and that a non-attorney's filings in an attempt to act in such a prohibited capacity are generally considered to be without effect. *See* Fed. R. Bankr. P. 9010(a) (limiting nonlawyers to representing only themselves or, if acting for others, performing only acts "not constituting the practice of law"); MLBR 9010-1(g), 9029-3 (adopting D. Mass. LR 83.5.5); D. Mass. LR 83.5.5(c) (prohibiting corporations and other non-individual entities from appearing pro se and permitting court to "strike any pleading filed on behalf of any entity that purports to appear *pro se*"); *Indigo Am., Inc. v. Big Impressions, LLC*, 597 F.3d 1, 2 (1st Cir. 2010) (noting "long-standing rule barring persons who are not licensed to practice law from representing corporations in judicial proceedings"); *In re Dick Tracy Ins. Agency, Inc.*, 204 B.R. 38, 39 (D. Me. 1997) (noting that non-attorney's filing of bankruptcy petition on behalf of corporation "should be dismissed as null and void"). Thus, because the non-attorney was not permitted to represent CFS Realty, I find that his actions could not have waived any defense. As CFS Realty has since, through counsel, asserted the defense of insufficient service of process in its motions and responsive pleading, the defense has been preserved.

The insufficient service of process renders the default judgment void, requiring that it be vacated under Rule 60(b)(4). "Personal jurisdiction is established either by proper service of process or by the defendant's waiver of any defect in the service of process." *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 23 (1st Cir. 1992) (citations omitted); *see also* Fed. R. Bankr. P. 7004(f). Here, we have neither sufficient service of process nor any waiver,

and thus, personal jurisdiction has not been established. *See* Fed. R. Bankr. P. 7004(f). "A default judgment entered by a court which lacks jurisdiction over the person of the defendant is void and may be set aside at any time pursuant to [Rule] 60(b)(4)." *Precision Etchings*, 953 F.2d at 23 (emphasis and citation omitted). Accordingly, I will vacate the default judgment entered against CFS Realty.[9]

I now consider whether CFS Realty has also shown good cause for vacating the default that was entered against it. *See* Fed. R. Civ. P. 55(c). "[T]he good cause threshold for Rule 55(c) relief is lower, ergo more easily overcome, than that which obtains under Rule 60(b)." *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989). "There is no mechanical formula for determining whether good cause exists and courts may consider a host of relevant factors. The three typically considered are (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented." *Indigo Am., Inc.*, 597 F.3d at 3 (citation omitted).[10] I find no indication that CFS Realty's default was willful, given that service of process was insufficient and there is no indication that CFS Realty was aware of the lawsuit before the default was entered. I find that setting aside the default should not prejudice Ms. Ramos for the reason, among others, that she has invested only minimal resources in pursuing her claims against this defendant. I also find that CFS Realty has presented at least one meritorious defense in its proposed answer (ECF No. 39), including by denying that it was a

---

[9] Having determined that the default judgment is void and shall be vacated under Rule 60(b)(4), I decline to consider CFS Realty's alternative arguments under Rule 60(b).

[10] The *Indigo America* Court noted that the above "is not an exclusive list and courts may consider other relevant factors, including (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; (7) the timing of the motion [to set aside the entry of default]." *Indigo Am., Inc.*, 597 F.3d at 12 (alteration in original) (internal quotation marks omitted). Consideration of these additional factors would not alter my conclusion here.

party to the contract underlying Ms. Ramos's breach of contract claim. Further, I find that the insufficient service of process alone, as detailed above, provides good cause to vacate the default entered against CFS Realty. I will, therefore, vacate the entry of default.

In addition to the foregoing, I note that Ms. Ramos's underlying bankruptcy case will today be dismissed (Case No. 19-10789, ECF Nos. 162, 169). This calls into question the continued viability of this adversary proceeding. At least five circuit courts and two bankruptcy courts within this circuit have endorsed the general rule favoring dismissal of related proceedings when dismissing or closing the underlying bankruptcy case. *In re Porges*, 44 F.3d 159, 162 (2d Cir. 1995); *Querner v. Querner (In re Querner)*, 7 F.3d 1199, 1201 (5th Cir. 1993); *In re Carraher*, 971 F.2d 327, 328 (9th Cir. 1992); *In re Morris*, 950 F.2d 1531, 1534-35 (11th Cir. 1992); *In re Smith*, 866 F.2d 576, 579-80 (3d Cir. 1989); *Bank of Am., N.A. v. Doe (In re Travers)*, 507 B.R. 62 (Bankr. D.R.I. 2014); *In re Hamilton*, Ch. 13 Case No. 04–10133, Adv. No. 07-1060, 2009 WL 2171097, at *6 (Bankr. D. Mass. July 15, 2009); *see also In re Melo*, 496 B.R. 253, 256 (B.A.P. 1st Cir. 2013) (discussing application of general rule in context of dismissing appeal from adversary proceeding as moot after dismissal of underlying bankruptcy case) (per curiam). The decision of whether to retain jurisdiction, however, is ultimately left to my discretion. *See Travers*, 507 B.R. at 72. When faced with this decision, courts often analogize to situations in which federal district courts decide whether to retain supplemental jurisdiction over pendent state claims after all federal claims have been dismissed. *Querner*, 7 F.3d at 1202. Such courts then adopt a comparable analysis, considering four factors: judicial economy, convenience, fairness, and comity. *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353 (1988)).

Here, both defendants initially defaulted and, until recently, had participated minimally in

8

the proceedings, requiring minimal judicial resources to be expended in this case thus far. As I am granting CFS Realty's motion to vacate the default and default judgment entered against it, this adversary proceeding will essentially be returned to the beginning stages as to that defendant, and, as to the other defendant, a final default judgment has been entered, requiring no further action by this court. Ms. Ramos's complaint asserts only state law claims (breach of contract and consumer protection violations) as to which this court would have lacked jurisdiction but for Ms. Ramos's associated bankruptcy case. Such claims would best be adjudicated by a state court. Given the procedural posture as to CFS Realty, the dismissal of Ms. Ramos's bankruptcy case, and the fact that Ms. Ramos has the option and is within the limitation period to pursue her claims against CFS Realty in state court with only the limited inconvenience and expense of refiling the case, I conclude that neither party will be unfairly prejudiced by a dismissal of this adversary proceeding as to CFS Realty. *See O'Connor v. Commonwealth Gas Co.*, 251 F.3d 262, 272-73 (1st Cir. 2001); *Travers*, 507 B.R. at 73-75. As this adversary proceeding will be dismissed as to CFS Realty, its request to file an answer will be denied as moot.

    A separate order consistent with this memorandum shall enter.

Dated: September 2, 2020

By the Court,

_____
Melvin S. Hoffman
U.S. Bankruptcy Judge